UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GLENDA MARIE HUTZEL,

    Plaintiff,

v.                                                    Case No.  5:21-cv-39-AW/MJF

HARRY MATTHEW FUQUA, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with two court orders, the undersigned respectfully recommends that the District Court dismiss this action without prejudice.[1]

### I. BACKGROUND

On February 12, 2021, Plaintiff initiated this civil action against three Defendants: Harry Matthew Fuqua, Kristi Miller Novonglosky, and Elizabeth Peskin Magee. Doc. 1. Plaintiff's factual allegations are difficult to decipher because, rather than provide factual allegations on the complaint form, Plaintiff simply attached bar complaints that she previously submitted against Defendants.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

Doc. 1-1 at 1-2, 4-5. It appears, however, that Plaintiff's claims arise from Defendants' representation of either Plaintiff or her husband in various legal proceedings. *Id.* at 1-2. As relief, Plaintiff requests "$500,000 punitive and monetary damages to the Hutzel estate." Doc. 1 at 4-6. It is unclear whether Plaintiff seeks $500,000 from Defendants jointly or individually.

In her complaint, Plaintiff did not utilize numbered paragraphs, each limited as far as practicable to a single set of circumstances; and her factual allegations were conclusory and appeared unrelated to her claims. Additionally, Plaintiff failed to plausibly allege that the District Court had subject-matter jurisdiction over her claims, and it appeared that Plaintiff improperly joined Defendants in the same action.

Because Plaintiff's complaint violated the Federal Rules of Civil Procedure in various ways, on August 19, 2021, the undersigned ordered the clerk of the court to strike Plaintiff's complaint and ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal. Doc. 9. The undersigned imposed a deadline of September 21, 2021. The undersigned warned Plaintiff that failure to comply with the undersigned's order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to demonstrate the existence of subject-matter jurisdiction. *Id.* at 12. Plaintiff did not comply with the undersigned's order.

On September 30, 2021, the undersigned ordered Plaintiff to explain and show cause why she failed to comply with the undersigned's August 19, 2021 order. Doc. 10. The undersigned imposed a deadline of October 14, 2021. The undersigned again warned Plaintiff that failure to comply with the undersigned's order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to state a claim upon which relief can be granted. *Id.* As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's orders.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is

not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On August 19, 2021, the undersigned ordered Plaintiff to file an amended complaint or a notice of voluntary dismissal. Despite having over two months to comply with the undersigned's order, Plaintiff has not prosecuted this action in any respect. She also has not complied with the undersigned's order to show cause. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III. Conclusion

Because Plaintiff has failed to prosecute this action and has failed to comply with two court orders, the undersigned respectfully **RECOMMENDS**:

1. This case be **DISMISSED** without prejudice.

2. The clerk of the court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 22nd day of October, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**